**B104 (FORM 104) (08/07)**                                                                                           **EDVA**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COLLEEN M. SHAUGHNESSY, | ) | Case No. 12-14234-BFK |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| COLLEEN M. SHAUGHNESSY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. _____ |
| | ) | |
| JOHN F. VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| | ) | |
| John F. Vaughn | ) | |
| 43 Orchard Brook Dr. | ) | |
| Wethersfield, CT 06109 | ) | |

## COMPLAINT FOR MONETARY JUDGMENT

The Plaintiff Colleen M. Shaughnessy (the "Debtor"), by counsel, respectfully represents that grounds exist under 11 U.S.C. §§ 502(a), § 553, and F.R.Bankr.P. 3007, to liquidate her claims against her ex-husband John F. Vaughn ("Vaughn") for the amounts that he owes her in connection with the parties' separation and divorce, to allow an offset of such claims against the amended proof of claim #5 (the "Claim") that Vaughn has filed in this case, and to grant her a judgment for the amount by which her claims against him exceed the amount of the Claim.  In support of this Complaint, the Debtor alleges the following:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), and (O).

1

3. The Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on July 9, 2012.

4. On May 23, 2013, the Court entered an order confirming the Debtor's Second Amended Plan dated January 29, 2013.

5. Vaughn filed the Claim in this case on December 11, 2012 in the amount of $78,499.36.

6. On July 8, 2013, the Debtor filed an Objection to the Claim, asserting *inter alia* a right of offset against the Claim.

7. The parties were divorced pursuant to the Dissolution Of Marriage (Divorce) Judgment entered by the State of Connecticut Superior Court (the "Court") on August 18, 2006.

8. The parties have four children, only two of whom remained dependent as of the date of commencement of this case.

Alimony and Child Support

9. Under the Court's ruling in May 2005, Vaughn was to pay the Debtor unified support of $750 per week between May 25, 2005 and August 17, 2006, a total of 64 weeks for a total due of $48,000.

10. Under the divorce decree dated August 18, 2006, Vaughn was to pay the Debtor–until modified--child support of $300 per week and alimony of $250 per week. These amounts were reduced on October 18, 2007. Between August 18, 2006 and October 18, 2007, a total of 61 weeks, the total due was $18,300 in child support and $15,250 in alimony.

11. Under subsequent modifications to the Court's order of August 18, 2006, Vaughn was required to pay the Debtor child support of $261 per week from 10/18/07 to 10/27/07 and $196 per week from 10/27/07 to 12/7/07, a total of 7 weeks for a total due of $1,437. Under such modifications, Vaughn was also required to pay the Debtor alimony of $130 during such 7 week period, a total of $910.

12. As set forth in ¶¶ 9-11 above, Vaughn owed the Debtor a total of $83,897. Upon

information and belief, against this balance Vaughn claims a direct credit for payments that he made to the Debtor in the amount of $57,476.32 and an indirect credit of $26,903.46 that he paid on a joint debt to Navy Federal Credit Union, which was secured by the former marital home in Connecticut (the "Residence"). However, Vaughn is not entitled to this indirect credit because Vaughn also received a refund of $9,293.62 from the joint proceeds of sale of the Residence towards these mortgage payments and, upon information and belief, Vaughn deducted these mortgage payments on his personal tax return thereby treating the mortgage as though he were solely responsible for its payment.

The Residence

13. In connection with the sale of the Residence under the authority of the Court, the parties agreed to split the expenses necessary to prepare the Residence for sale. In particular the Debtor advanced $3,990 to ASF Painting for exterior painting and $4,969 to Aiello HVAC for removing and replacing ductwork with active mold present. Vaughn owes the Debtor $4,479.50 for his share of these expenses.

14. At the time that the Residence was sold, the mortgage had been paid exclusively by the Debtor for 18 months.

15. The mortgage loan history reflects that the last $28,279.11 worth of monthly mortgage payments leading up to the sale of the Residence were paid exclusively by the Debtor. Vaughn owes the Debtor $14,139.55 for his share of these mortgage payments.

16. The mortgage loan history reflects that Vaughn received a refund from Navy Federal Credit Union on account of mortgage and escrow account overages, and upon information and belief such refund was made payable to both the Debtor and Vaughn, yet Vaughn deposited such refund without the Debtor's knowledge or endorsement. The mortgage loan transcript reflects that Vaughn received $364.16 that the Debtor was entitled to receive.

17. While the Debtor was living in Virginia with the parties' two children and paying the entire mortgage on the Residence, Vaughn moved back into the Residence for approximately six

3

months prior to its sale. The fair rental value of the Residence was $2,500 per month. Vaughn owes the Debtor $7,500 for the rental value of her half interest in the Residence during the six months leading up to the sale.

18. When the parties purchased the Residence, they borrowed $15,000 from the Debtor's father, without interest, for necessary bathroom repairs and upgrades. When the parties separated, the balance had been paid down to $1,750, but Vaughn refused thereafter to pay his share of such balance, which the Debtor paid in full out of her separate funds. Vaughn owes the Debtor $875 for his share of this loan obligation.

Education Expenses

19. The Dissolution Of Marriage (Divorce) Judgment dated August 18, 2006 provides that "The Court reserves jurisdiction to determine educational support orders." For the first two years after the ruling of the Court, both of the dependent children lived with the Debtor in Virginia. The Debtor paid the education expenses for both children in Virginia, and Vaughn did not provide a single reimbursement to the Debtor for such expenses. Similarly, while the parties' son resided with Vaughn in Connecticut, the Debtor did not reimburse Vaughn for his education expenses there. In short, each party has paid, without reimbursement, the educational expenses of the child or children living with that party, and neither party has ever sought or obtained any order from the Court entitling them to reimbursement from the other for the educational expenses incurred. To the extent that reimbursement for such expenses is ordered, the Debtor submits that she has advanced more in unreimbursed educational expenses than Vaughn has, and his claims for such reimbursement must be setoff by the amount of hers, with judgment awarded to her for the excess that she is owed.

Other

20. From her separate funds, the Debtor has paid various Vaughn family obligations, including dental expenses totaling $452, children's medical expenses totaling $1,431.17, and a credit card balance of $17,375.81. Vaughn owes the Debtor $9,629.49 for his share of these

obligations.

21. From her separate funds, the Debtor advanced $4,560 for Vaughn's mental health counseling, because such counseling was not covered by his insurance and he indicated that he could not afford to pay for such counseling otherwise.  Vaughn owes the Debtor reimbursement for this advance of $4,560.

WHEREFORE, the Debtor requests that this Court enter judgment against John F. Vaughn for the amounts that he owes her in connection with the parties' separation and divorce, authorize the offset of such judgment against his Claim in this case, and grant such other and further relief as it deems just and appropriate.

COLLEEN M. SHAUGHNESSY
By counsel


 /s/Steven B. Ramsdell
Steven B. Ramsdell, VA Bar #33222
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington St., Suite 202
Alexandria, Virginia 22314
(703) 549-5003

5